**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

NEKAYBAW MCNEAL,

                            Plaintiff,

            v.                                              1:25-cv-00480 (AMN/ML)

BUFFALO FEDERAL
DETENTION FACILITY *et al.*,

                            Defendants.

---

**APPEARANCES:**                                  **OF COUNSEL:**

**NEKAYBAW MCNEAL**
1843 Central Avenue – Suite 294
Albany, New York 12205
Plaintiff *pro se*

**UNITED STATES ATTORNEY FOR THE**        **KAREN FOLSTER LESPERANCE,**
**NORTHERN DISTRICT OF NEW YORK**          **ESQ.**
445 Broadway – Room 218
Albany, New York 12207
*Attorney for Defendant*
*Buffalo Federal Detention Facility*

**Hon. Anne M. Nardacci, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I.    INTRODUCTION

On March 3, 2025, plaintiff *pro se* Nekaybaw McNeal ("Plaintiff") commenced this action

in New York State Supreme Court, Albany County, against the Buffalo Federal Detention Facility

("BFDF") and the Schenectady County Police Department ("Schenectady Police" and, together

with the BFDF, "Defendants") alleging claims on behalf of another person, Eddie Bellas.  Dkt.

No. 1-1 at 2; Dkt. No. 2 ("Complaint").    On April 17, 2025, the federal government

("Government") removed the case to the United States District Court for the Northern District of New York[1] pursuant to 28 U.S.C. § 1442(a)(1).  Dkt. No. 1.

Presently before the Court is the Government's motion to dismiss the Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure ("Rule 12").  Dkt. No. 6 ("Motion"); *see also* Dkt. Nos. 12-13.  For the reasons set forth below, the Motion is granted and the Complaint is dismissed.

## II.    BACKGROUND

Unless otherwise noted, the following facts are drawn from the Amended Complaint, its attachments, or materials it incorporates by reference, and are assumed to be true for purposes of ruling on the Motion, *see Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th 91, 94 (2d Cir. 2021) (*per curiam*), or are otherwise matters of public record, *see Williams v. N.Y.C. Hous. Auth.*, 816 F. App'x 532, 534 (2d Cir. 2020).

### A.    Plaintiff's Allegations

Plaintiff resides in Albany, New York, and identifies herself as, *inter alia*, the "Grantor of a private unincorporated business organization[.]"  Dkt. No. 2 at 1.[2]  Plaintiff attaches to her Complaint documents, including an "Apostille and a "Certificate of Trust," indicating that she considers herself to be a trust or similar entity.  *See, e.g., id.* at 4-15.

Plaintiff alleges that Eddie Bellas is a "trust beneficiary" and that he has been incarcerated at the BFDF without her permission, because "as far as entity records reflect[], administration of [Plaintiff], never issued any Powers of attorneys, whether being limited or exclusive, to any agency(ies) of the Federal Corp a/k/a/ USA[.]"  *Id.* at 1.  As a result, Plaintiff seeks the release of

---

[1] This case was reassigned to the undersigned on April 24, 2025.  Dkt. No. 10.

[2] Citations to court documents utilize the pagination generated by CM/ECF, the Court's electronic filing system, and not the documents' internal pagination.

Eddie Bellas and $17,000,000 in damages.  *Id.*

The BFDF is a federal immigration detention facility located in Batavia, New York.  U.S. Immigration & Customs Enforcement, Detention Facilities, https://www.ice.gov/detention-facilities (last visited December 17, 2025); *see also* Dkt. No. 6 at 3 n.1.

### B.  Procedural History

After removing this case to federal court, the Government moved to dismiss the Complaint on April 22, 2025.  Dkt. No. 6.  On May 14, 2025, Plaintiff filed a response stating "[t]hank you for this offer" but that she "does not consent to this contract, or any proceedings/transactions taking place" in this case.  Dkt. No. 12 at 1.[3]  Following Plaintiff's response, the Government informed the Court that it would rely on its initial papers and not submit a reply brief in further support of the Motion.  Dkt. No. 13.

### III.    STANDARD OF REVIEW

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) is properly granted "when the court lacks statutory or constitutional authority to adjudicate it." *Cayuga Indian Nation of New York v. Vill. of Union Springs*, 293 F. Supp. 2d 183, 187 (N.D.N.Y. 2003) (citing *Luckett v. Bure*, 290 F.3d 493, 496 (2d Cir. 2002)).  To resolve such a motion, the court "accepts as true all the factual allegations in the complaint and must draw all reasonable inferences in favor of the plaintiff."  *Lunney v. United States*, 319 F.3d 550, 554 (2d Cir. 2003) (citing *Hamilton Chapter of Alpha Delta Phi, Inc. v. Hamilton Coll.*, 128 F.3d 59, 63 (2d Cir. 1997)).

---

[3] To the extent that Plaintiff's submission could be liberally construed as objecting to the removal of this case, she identifies no defect warranting remand.  *Id.*  And Plaintiff's allegations and the BFDF's notice of removal plainly establish the applicability of the federal officer removal statute. Dkt. No. 1; *see also Vermont v. 3M Co.*, 152 F.4th 103, 105 (2d Cir. 2025).

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal sufficiency of a party's claim for relief. *Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007). To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to sho[w] that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (alteration in original) (quotations omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint and draw all reasonable inferences in the pleader's favor. *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). This presumption, however, does not extend to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (additional citations omitted). The Second Circuit has held that courts are obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV.    DISCUSSION

The Government argues that Plaintiff lacks standing, that sovereign immunity bars her claims, and that she has failed to state a claim. *See generally* Dkt. No. 6.

The Court need only reach the threshold issue of standing. *Vitagliano v. Cnty. of Westchester*, 71 F.4th 130, 136 (2d Cir. 2023) ("We begin with standing 'because it is a 'jurisdictional' requirement and 'must be assessed before reaching the merits.'") (quoting *Calcano*

*v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022)).  "To establish standing under Article III of the Constitution, a 'plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Moreira v. Société Générale, S.A.*, 125 F.4th 371, 384 (2d Cir. 2025) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).  At the pleading stage, courts "'constru[e] the complaint in [the] plaintiff's favor and accept[ ] as true all material factual allegations contained therein,' but [ ] still require the plaintiff to 'allege facts that affirmatively and plausibly suggest that [she] has standing to sue.'" *Karkare ex rel. JN v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers Loc. 580*, 140 F.4th 60, 65 (2d Cir. 2025) (first, second, and third alterations in original) (quoting *Conn. Parents Union v. Russell-Tucker*, 8 F.4th 167, 172 (2d Cir. 2021)).

Plaintiff lacks standing to pursue this action against Defendants for at least three reasons. First, she has not alleged that she suffered an injury in fact.  "Injury in fact is the 'first and foremost' element of standing." *Rynasko v. N.Y. Univ.*, 63 F.4th 186, 193 (2d Cir. 2023) (citation omitted). "To constitute an injury in fact sufficient to sustain Article III standing, an alleged harm must be (1) concrete, (2) particularized, and (3) actual or imminent." *Soule v. Conn. Ass'n of Schs., Inc.*, 90 F.4th 34, 45 (2d Cir. 2023) (*en banc*) (citation omitted).  Plaintiff's allegations concern the detention of Eddie Bellas at the BFDF as opposed to a particularized injury that Plaintiff suffered herself.  *See, e.g., Rynasko*, 63 F.4th at 193 ("To be particularized, the injury must 'affect the plaintiff in a personal and individual way.' . . . And while a party may seek redress for injuries done to that party, it may not for 'injuries done to others.'") (citations omitted); *Karkare*, 140 F.4th at 65 ("Generally, 'the 'injury-in-fact' requirement means that a plaintiff must have personally suffered an injury.'") (citations omitted); *see also Food & Drug Admin. v. All. for Hippocratic*

*Med.*, 602 U.S. 367, 382 (2024) ("The injury in fact requirement prevents the federal courts from becoming a 'vehicle for the vindication of the value interests of concerned bystanders.'") (citation omitted); Dkt. No. 2 at 1.

Second, to the extent that Plaintiff seeks to assert a claim on behalf of Eddie Bellas, her cursory allegations fail to establish any basis for third-party standing.  *See, e.g., Doe v. Hochul*, 139 F.4th 165, 177 (2d Cir. 2025) ("Typically, a plaintiff will have standing only to 'assert his or her own legal rights and interests' and may not 'rest a claim to relief on the legal rights or interests' of others.") (citation omitted); *Keepers, Inc. v. City of Milford*, 807 F.3d 24, 40 (2d Cir. 2015) ("[T]he 'prudential standing rule' [ ] 'normally bars litigants from asserting the rights or legal interests of others in order to obtain relief from injury to themselves.'") (citation omitted); *see also Fenstermaker v. Obama*, 354 F. App'x 452, 454-56 (2d Cir. 2009) (finding that third party lacked standing to challenge alleged violations of detainees' constitutional rights).  In any event, because Plaintiff is not an attorney, she may not assert claims on behalf of any other person or entity.  *See, e.g.,* 28 U.S.C. § 1654; *Guest v. Hansen*, 603 F.3d 15, 20 (2d Cir. 2010) ("A person who has not been admitted to the practice of law may not represent anybody other than himself.") (citations omitted); *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("[A] layperson may not represent a separate legal entity such as a corporation.") (citations omitted).

Third, Plaintiff further lacks standing to pursue claims against the Schenectady Police because her allegations do not establish that this defendant took any action, let alone caused any injury, with respect to either her or Eddie Bellas.  *See generally* Dkt. No. 2; *Salazar v. Nat'l Basketball Ass'n*, 118 F.4th 533, 541 (2d Cir. 2024) ("[The] injury must be traceable to the defendant's challenged conduct—it must have been 'likely caused by the defendant.'") (citation omitted); *see also Murthy v. Missouri*, 603 U.S. 43, 61 (2024) ("Our decisions make clear that

6

'standing is not dispensed in gross.' . . . That is, 'plaintiffs must demonstrate standing for each claim that they press' against each defendant, 'and for each form of relief that they seek.'") (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)).

For all of these reasons, the Court finds that Plaintiff lacks standing to sue Defendants.

## V.     CONCLUSION

Accordingly, the Court hereby

**ORDERS** that the Government's motion to dismiss, Dkt. No. 6, is **GRANTED**, as set forth in Section IV of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Plaintiff's Complaint, Dkt. No. 2, is **DISMISSED**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.

**IT IS SO ORDERED.**

Dated: December 17, 2025
      Albany, New York

Anne M. Nardacci
U.S. District Judge